ROBERT EMSLEY, Appellant, *vs.* DAVID YOUNG.

The authority of a court of probate under Pub. Stat. R. I. cap. 184, § 22, in case of the death of an executor whose testator's estate has not been fully administered upon, to "grant letters of administration, with the will annexed, to such persons as the court shall think fit," is not an absolute but a judicial discretion to be exercised in view of the circumstances of the case,—the competency of the person to perform the duty, and his suitableness considering his situation or relation to the estate.

The action of the court of probate in appointing an administrator *de bonis non* with the will annexed, under Pub. Stat R. I. cap. 184. § 22, may be reviewed by the Supreme Court on appeal.

An applicant for letters of administration who is in no wise interested in the property to be administered, although the next of kin of the person to whose estate the property belongs, is a mere intermeddler, and, therefore, an unsuitable person to be appointed; and a court of probate might properly refuse to entertain his application, or, on motion of any person interested in the estate, dismiss it.

One who is interested in an unadministered fund both as executor of the will of the person to whose estate the fund belongs, and as one of the residuary legatees in the will and as such entitled to one half of the fund, is the most suitable person to administer it.

PROBATE APPEAL.

*April* 13, 1895. MATTESON, C. J. This is an appeal from the decree of the Court of Probate of Glocester appointing the appellee administrator *de bonis non* with the will annexed, on the estate of David Young, deceased. The testator bequeathed all his estate to his widow, Almira Young, and appointed her executrix of his will which was duly admitted to probate and letters testamentary on which were issued to the widow as executrix. She died in August, 1894, leaving a last will and testament, duly admitted to probate, by which, after devising her real estate and bequeathing certain pecuniary and specific legacies, she gave to the appellant, Emsley, and one Charles Edwin Brown the residue of her estate and appointed Emsley executor, to whom letters testamentary were duly issued. Subsequently it was ascertained that four hundred dollars of the personal estate which had belonged to David Young, deposited in his name in the Peoples Savings Bank in Providence and bequeathed

to the said Almira by his will had not been withdrawn by her. Thereupon, Emsley, as executor of her will, presented his application in writing to the Court of Probate of Glocester for the appointment of himself or some other suitable person as administrator *de bonis non*, with the will annexed, on the estate of David Young. The application was referred for consideration to October 13, 1894, on which date, the appellee presented his application to the court in writing to be appointed such administrator. The court continued the applications for hearing to November 10, 1894, and on that date appointed the appellee.

Pub. Stat. R. I. cap. 184, § 22, provides that "In case of the decease of any person who while living, and at the time of his decease, was the executor of the last will and testament of any person previously deceased and whose estate had not been fully administered upon by such deceased executor, the court of probate in the town in which such will was proved and recorded shall proceed and grant letters of administration, with the will annexed, to such person as the court shall think fit."

It is contended on the part of the appellant that in granting administration the primary object is the interest of the estate and, hence, though the language of the statute is that the court shall proceed to grant letters of administration "to such person as the court shall think fit," the court in the exercise of its discretion should grant the administration to some person who is interested in the estate if competent, rather than to a stranger because a person interested will be more likely to administer the estate to the advantage of all concerned.

On the other hand, it is contended for the appellee that the statute confers on the court of probate power to grant the administration to such person as it shall see fit, and that, having exercised its authority, its action cannot be reviewed. We do not take this view of the statute. An appeal lies from the action of the court below to this court. Judiciary Act, cap. 28, § 1. If the authority of the court below is exclusive, so that we have no power to review its action, an

appeal would be an idle ceremony. We think that the authority conferred on the court of probate is not an absolute authority or discretion, but rather a judicial discretion to be exercised in view of the circumstances of the case; that the statute contemplates that the person to be appointed shall be not only competent to perform the duty, but also suitable in view of his situation or relation to the estate.

The appeal from the decree of the court below vacated the appointment of the appellee, so that the matter comes before us as the Supreme Court of Probate, for our action as though the decree below had not been made. It is true that it is and has been the practice of this court to confirm the appointments of courts of probate, unless shown to be unsuitable. *Knowles* v. *Lester*, 16 R. I. 542. But we are of the opinion that the appointment of the appellee who was in no wise interested in the property to be administered, was unsuitable. It is not claimed that the appellant is not fully competent to perform the duty of administration, and if so, he was the most suitable, if not the only suitable person for appointment, since he was the executor of the will of Mrs. Young to whose estate the property not administered belonged, and was, moreover, one of the residuary legatees in her will and as such entitled individually to one half of such property. The court below in the exercise of its discretion should have been governed by these facts. The appellee, although the next of kin of David Young, deceased, so far as appears, has no interest whatever in the property to be administered, and, therefore, as to such property is a mere intermeddler. In *Mowry* v. *Latham*, Declarations, &c., No. 3784, October Term, 1890, we held that though the appointment of an administrator on an intestate estate made on the application of a person not interested in the estate as next of kin or creditor of the deceased was valid unless appealed from or reversed, such applications are not to be encouraged, especially when the applicant is a mere intermeddler; and that the court might properly refuse to entertain, or on motion of any person interested in the estate dismiss such an application.

A decree may be entered for the appointment of the ap-

pellant as administrator *de bonis non* with the will annexed, on the estate of David Young, deceased.

*Richard E. Lyman,* for appellant.

*Clarence A. Aldrich,* for appellee.