CASE 33.—APPLICATION BY JOHN G. ADAMS, EXECUTOR OF REBECCA POWERS, DECEASED, FOR AN ORDER TO SHOW CAUSE WHY JOSEPH READNOUR, ADMINISTRATOR, WITH THE WILL ANNEXED, SHOULD NOT BE REMOVED AND PETITIONER TO QUALIFY AS EXECUTOR.—June 9, 1909.

## Adams v. Readnour.

Appeal from Kenton Circuit Court, Common Law and Equity Division.

M. L. HARBESON, Judge.

An order granting the relief asked in the County Court, was reversed on appeal to the Circuit Court from which petitioner appeals.—Reversed.

1. Executors and Administrators—Appointment—Statutes.—Ky. St. 1909, Sec. 3891, declares that if there is no executor appointed by the will, or if all the executors therein named die, or refuse the executorship, or fail to give bonds as required by law, which shall amount to such refusal, the court may grant administration with the will annexed to the person who

Adams v. Readnour.

would have been entitled to such administration, if there had been no will. Held, that the court under such section has power to grant administration only where no executor is appointed by the will, or in case all the executors die, refuse the executorship or fail to give bonds as required by law.

2. Executors and Administrators——Appointment of Administrator—Failure of Executor to Qualify.—Ky. St. 1909, Secs. 3891, 3896, 3897, regulating the appointment of administrators, did not contemplate that the failure of an executor to qualify until the second term of the county court after the probate of the will should authorize the court to appoint a creditor or some other person in its discretion administrator with the will annexed.

3. Executors and Administrators—Failure of Executor to Qualify—Appointment of Administrator—Notice.—Where an executor fails to qualify before the convening of the second term of the county court, such fact did not justify the appointment of an administrator with the will annexed until after the executor had been cited to appear and show cause why he should not accept or decline the trust.

J. G. TOMLINS and JOHN L. VEST for appellant.

CITATION AND AUTHORITIES.

Kentucky Statutes, Section 3890; Kentucky Statutes, Section 3897; Redfield's Law of Surrogate Courts, page 140; Toler on Executors, Section 93.

A. E. STRICKLETT for appellee.

CLASSIFICATION OF AUTHORITIES.

1. The county court of the county of a decedent's residence has jurisdiction to grant administration. Kentucky Statutes, Sections 4849 and 3894.

2. If the nominated executor fail to apply for administration at the second county court, administration may be granted to any person in the discretion of the court. Kentucky Statutes, Sections 3891, 3896 and 3897; Cyclopedia of Law and Procedure, Vol. 18, page 81; Womack's Adm'r v. Watson, 4 Ky. Law Rep., 907.

3. If one having preference fail to apply for administration, at the second county court, from the death of the decedent, and administration is granted to another, such person can not be removed for the purpose of permitting the person who had preference to qualify. After the second county court from the dece-

dent's death removal can be made only for cause. Kentucky Statutes, Sections 3846 and 3897; Young's Adm'r v. L. & N. R. R. Co., 28 Ky. Law Rep. 451; Spayd's Adm'r v. Brown, 31 Ky. Law Rep. 438.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Reversing.

Rebecca Powers, a resident of Kenton county, Ky., died in the month of January, 1908, leaving a last will and testament. Appellant, John G. Adams, was nominated the executor therein. He produced the will, and it was duly proved and probated at the February term, 1908, of the Kenton county court. For some reason appellant failed to qualify as executor at that time. At the April term, 1908, of the Kenton county court, J. C. Eads, a brother of the testatrix and who claimed to be a creditor of the estate appeared and moved the court for the appointment of an administrator with the will annexed. Thereupon the court entered an order appointing appellee Joseph Readnour such administrator with the will annexed. Readnour accepted the trust, executed bond, took the required oath, and undertook the administration of the estate. On May 8, 1908, appellant moved the Kenton county court for a rule against the appellee to show cause why he should not be removed, and appellant be permitted to qualify as executor of decedent's estate. The rule was granted and in due time served upon appellant, who at the designated time appeared in person and by counsel and filed his written response to the rule, setting forth his appointment and qualification and the steps taken by him to settle the estate. The court adjudged the response insufficient, and entered an order removing appellee as administrator with the will annexed, and permit-

ted appellant to qualify. The county court based his action on the fact that his appointment of Joseph Readnour as administrator with the will annexed was made without any notice or citation of any kind to the appellant, John G. Adams, the nominated executor, and that the court was without jurisdiction to act in the premises for the reason that the nominated executor had not resigned the trust created by the terms of the will and was not at any time before the entry of the order cited to appear in court and either qualify or decline the trust in question. From the order removing appellee and appointing appellant, an appeal was prosecuted to the Kenton circuit court. That court entered judgment in favor of appellee. From that judgment this appeal is prosecuted.

For appellant it is insisted that there is nothing in the statutes upon the question, and that under the common law it is necessary to give notice to the nominated executor or cite him to appear and show cause why he should not accept or decline the trust before the county court has the power to appoint an administrator with the will annexed. For appellee it is contended that the matter is regulated by the Kentucky Statutes, and that they authorize the action of the county court in appointing appellee as administrator with the will annexed.

The sections of the statutes relied upon are as follows:

"Sec. 3891. If there is no executor appointed by the will, or if all the executors therein named die, or refuse the executorship, or fail to give bond as required by law, which shall amount to such refusal, the court may grant administration, with the will annexed, to the person who would have been entitled to administration if there had been no will."

"Sec. 3896. The court having jurisdiction shall grant administration to the relations of the deceased who apply for the same, preferring the surviving husband or wife, and then such others as are next entitled to distribution, or one or more of them who the court shall judge will best manage the estate."

"Sec. 3897. If no such person apply for administration at the second county court from the death of an intestate the court may grant administration to a creditor, or to any other person, in the discretion of the court. If a will shall afterward be produced and proved, the administration shall cease, and the court may proceed to grant a certificate of the probate thereof, or, in the proper case, letters of administration, with the will annexed." Russell's St. Sec. 3928.

It will be observed that, under section 3891, the court has power to grant administration only where no executor is appointed by the will, or in cases where all the executors die, or refuse the executorship, or fail to give bond as required by law. In any of these cases, the court is authorized to appoint as administrator with the will annexed, the person who would have been entitled to administration if there had been no will. Section 3896 simply regulates the question of precedence. Section 3897 authorizes the granting of letters of administration to a creditor or to some other person in the discretion of the court in the event that none of the persons mentioned in section 3896 apply. It further provides that if a will shall afterwards be produced and proved, the administration shall cease and the county court may grant a certificate of probate thereof, or, in the proper case, letters of administration with the will an-

nexed. So far, then, as the statutes are concerned, there is nothing to indicate that the failure of the executor to qualify after the expiration of two terms of the county court gives a right to the court to appoint a creditor or some other person in his discretion. Section 3897 applies only to cases of administration. It has no reference at all to executors. Section 3896 makes it necessary for the relatives of the decedent in certain order to apply for administration if any one of them desires to act as administrator. Section 3897 authorizes the court to appoint a creditor or other person if the relatives do not apply by the second term of the county court. To give the statutes the construction contended for by appellee would be to deprive the kindred of the right of administration altogether. If the executor had only until the second term of the county court to qualify, and a creditor or stranger could then be appointed, there would be no opportunity at all for the next of kin to apply. The statutes certainly do not make the failure of an executor to qualify by the second term of the county court a refusal to qualify; to so hold would be to write into the statutes words which they do not contain. There being nothing in the statutes regulating the matter, the question must be determined by referring to the rules of the common law.

In Redfield's Law of Surrogate's Courts, p. 140, we find the following: "Of course, any person nominated as executor in a will may refuse to enter upon the duties of the office. He cannot be compelled to take a grant of letters, but, before letters will be issued to any other person than the one named executor, he must formally renounce his appointment, or

be declared disqualified, though he may at any time before the actual grant of letters to another retract his renunciation." In Toller on Executors, Sec. 93, the rule is thus stated: "The ordinary cannot grant administration with the will annexed in which an executor is named until he has either formally renounced his right to probate, or neglected to appear on being duly cited to accept or refuse same. So, if several executors be named in the will they must all refuse or fail to appear on citation previous to the grant. After such administration, the executor cannot retract his refusal during the lifetime of the administrator, but he may do so after the grant has ceased by the administrator's death." The courts of Maryland, Tennessee, and Virginia have decided that the executors named, if alive and competent, should have full opportunity to make or renounce the trust before the county or probate court should appoint an administrator with the will annexed. Wheeler v. Stifler, 82, Md. 684, 33 Atl. 434; Baldwin v. Buford, 4 Yerg. (Tenn.) 16; Thompson v. Meek, 7 Leigh (Va.) 419. It is true that a constructive refusal by an executor has sometimes been inferred by his acts and omissions. Thus it has been held that the executor's neglect for a long time to take out letters and prove the will when he might have done so amounts to refusal. Bewacorne v. Cartor, Moore's Rep. 273; Marr v. Pay, 6 N. C. 85, 5 Am. Dec. 521. Likewise it has been held that refusal to act as executor may be implied without record evidence or express declaration. Solomon v. Wixon, 27 Conn. 520; Thornton v. Winston, 4 Leigh (Va.) 152; Ayers v. Clinefelter, 20 Ill. 465; Uldrick v. Simpson, 1 S. C. 283. In the case of Muldrow's Heirs v. Fox's Heirs, 2 Dana, 74, this court held that a refusal by an executor to undertake the execution of a trust

could be presumed for certain purposes from the lapse of time and other facts. The modern rule upon the subject is thus stated in Schouler on Executors, Sec. 47: "On the whole, however, theories of constructive refusal or acceptance are hardly consistent with our moderate probate practice. They may serve to establish presumptions where public records are lost or to facilitate the course of justice in dealing with an inter-meddler or an indifferent nominee, according as the interests of creditors and legatees may demand. Under both English and American statutes at the present day, summary proceedings are available in the court of probate jurisdiction to compel the person named as executor to prove the will and qualify, and, in case of his unreasonable neglect to appear, to commit the trust to others just as if he had formally declined. Such proceedings render acceptance and refusal of an executorship matter of public record, and discourage legal inferences from acts and conduct of the nominee in pais." In another connection. the same author says: "Probate procedure under statutes such as we have alluded to ought readily to establish the fact of an executor's refusal or acceptance of his office in most instances. The fact, however, should be a matter of judicial supervision, and hence of judicial record. A formal renunciation of the trust signed by the executor named for it and filed of record will commonly suffice for that purpose. Such a writing or some judgment of record, reciting why the formality was dispensed with, ought in sound probate practice to precede the granting of letters testamentary or administration to another." Section 46.

For reasons satisfactory to himself, the testator nominates an executor. He may prefer such executor because of his confidence in him or his knowledge of

the latter's business qualifications. So far as possible, the court should carry out the intention of the testator by seeing that the trust is committed to the one designated by the testator. To do this the nominated executor should be given an opportunity to accept or decline the trust. He can do this in writing, or by his appearance in court. The court may then enter the proper order, but should not act until the nominated executor has been cited to appear and show cause why he should not accept or decline the trust. Until this has been done no appointment of an administrator with the will annexed should be made. This practice will give the nominated executor his day in court, and will not delay the settlement of the estate. Those interested in the estate may proceed to have the executor cited at any time. In the case before us no notice or citation of any kind was served upon appellant. We conclude that the court was without jurisdiction to appoint appellee, and that the action of the county court in setting aside this order and permitting appellant to qualify was proper.

For these reasons, it follows that the judgment of the circuit court is erroneous, and should be reversed; and it is so ordered.