CASE 34.—PROCEEDINGS TO APPOINT AN ADMINISTRATOR WITH THE WILL ANNEXED OF J. G. PHILLIPS, DECEASED.—November 4, 1909.

## Phillips v. Hundley, &c.

Appeal from Marion Circuit Court.

I. H. THURMAN, Circuit Judge.

From a judgment of the circuit court dismissing an appeal from the county court, Phillips appeals.—Affirmed.

Executors and Administrators — Administrators C. T. A.— Void or Erroneous Appointment—Time for Review.—The appointment, as an administrator with the will annexed, of another than the one entitled to, and asking for, the appointment, governed as provided by Ky. St. Sec. 3891, by sections 3896, 3897, as to appointment of administrators, is not void for want of jurisdiction, but only erroneous; so that it can be reviewed only by an appeal from the county court to the circuit court within 60 days of the order, and not by an appeal from an order denying a motion made at a subsequent term to set aside such appointment and appoint the one entitled to it.

LINDSAY & EDELEN and HUGH P. COOPER for appellant.

1. In conclusion we most respectfully submit that under a fair construction of Sections 3891, 3896, and 3897 of the Kentucky Statutes (Sections 3937, 3919 and 3920 of the Statutes of Kentucky), the family of the deceased have a right until and including the second term of the county court to qualify as personal representatives of the decedent. Buckner's Adm'r v. Buckner, 120 Kentucky, 596.

2. That while the appointment of a creditor or other person is not a nullity where the question arises collaterally, it will never

Phillips v. Hundley, &c.

be held to prevent the appointment of a person specifically named by Section 3896, where the application for such appointment is seasonably made. Young's Adm'r v. Louisville & Nashville R. R. Co., 121 Kentucky, 483; Buckner v. Louisville & Nashville R. R. Co., 120 Kentucky, 600.

3. The question of the validity of the appointment of Kelly and Rogers does not properly arise in this case, because such appointment was not pleaded in the county court when Bird Phillips applied for the appointment at the February term, 1908.

W. W. SPALDING, W. C. McCHORD and SAMUEL AVRITT for appellees.

## AUTHORITIES.

1. The Marion County Court on January 22nd, 1908, had jurisdiction of the subject matter and of all the parties in interest. On this date it entered a judgment defining the rights of the parties. Appellant was before the Court and made her motion to be appointed administratrix. No objection was made to the jurisdiction of the Court. The judgment has never been vacated. Having been rendered by a court of competent jurisdiction it is a complete bar to this action. The issues herein made have become res adjudicata.     Section 1057, Ky. Statutes; Jacobs v. L. & N., 10th Bush, 263; Miller v. Swan, 91 Ky., 36; Kimbraugh v. Harbert, 110 Ky., 94; Sections 3991 and 3894 Ky. Statutes; Underwood v. Underwood's Adm'r, 111 Ky., 966; Section 3905, Ky. Statutes; Underwood v. Underwood, supra; Section 3891, Ky. Statutes; Buckner's Adm'r v. L. & N., 120 Ky., 600; Section 3890, supra; Young's Adm'r v. L. & N., 121 Ky., 483; Spayd's Adm'r v. Brown, (Ky.) 102 S. W., 823; Cunningham v. Clay's Adm'r (Ky.) 112 S. W., 853; McFarland's Adm'r v. L. & N. (Ky.) 113 S. W., 83; Section 978, Ky. Statutes; Penn v. Emerson, 2 Ky. (Sneed) 292; Ward v. Lee, 3 Ky. (Bibb) 18; Com. v. Shanks, 49 Ky. (10 B. Mon. 304.); Daviess County v. Howard, 13 Bush, 101; Seiter v. Northern, 86 Ky., 128; Ayers v. Fuqua (Ky.) 48 S. W., 15; Lovelace v. Lovell, 107 Ky., 676; Kimbraugh v. Harbett, supra.

2. The right to appeal from orders and judgments of the county court to the circuit court is limited to 60 days after the judgment of the lower court was entered. Appellant did not appeal within sixty days after the judgment appointing the personal representative was entered, nor within sixty days after her motion to set aside as void their appointment and to appoint her was made. Her right of appeal was therefore lost. Section 978, Ky. Statutes; Chapters 1 and 2 of Title 16, Civil Code of Practice. Sections 625, 726, 727, 728, 729, 763, 927, 978, and 724.

3.  In cases of testacy it is not mandatory upon the County Judge that he should appoint any of the relatives of the decedent as personal representative.  In intestacy cases, the rule is different.  Therefore the County Judge in appointing appellees Rogers and Kelly as administrators was exercising a sound judicial discretion which the law has reposed in him.  Consequently, his action in appointing them was not even erroneous.  Chapter 98, Ky. Statutes, Sec. 3891, 3866 Buckner's Adm'r v. L. & N., supra (120 Ky. 600.); Taylor v. Tibbatts, 13 Ben Monroe, 183.

4.  The ends of justice do not require a reversal of this case. If it were reversed all that this court upon this record could hold would be that the lower court erred in sustaining appellee's motion to dismiss appellant's appeal from the county court. Upon a return of the case the nominated executors, the widow, and possibly the older children of J. G. Phillips would have precedence over appellant in the appointment of the personal representative.

OPINION OF THE  COURT  BY  JUDGE  CARROLL—Affirming.

J. G. Phillips died testate in Marion county in December, 1907.  In his original will he nominated E. N. Hundley as executor, but by a codicil John B. Phillips and Owen D. Thomas were substituted as executors in place of Hundley.  The decedent left surviving him his widow and four children; one of the children being the appellant, Bird Burton Phillips.  The first regular county court day after the death of Mr. Phillips occurred on January 6, 1908. The county court that convened on this day was adjourned until January 10th, when the executors, Thomas and Phillips, offered the will for probate, to which Hundley objected.  For various reasons not necessary to mention the disposition of the case was continued until January 22d, when the county court met and probated the will; all opposition to it having been withdrawn.  After the probate the nominated executors stated to the court that, if W. C. Rogers and J. A. Kelly were appointed administrators with

the will annexed, they would relinquish their right
to qualify.  In this arrangement the widow and chil-
dren, except appellant, also concurred.  Thereupon
the appellant demanded the right to be appointed
administratrix, but the court appointed Rogers and
Kelly, and on that day they qualified and entered
upon the discharge of their duties.  The record
shows that when the parties appeared in court on
the 22d day of January, and announced their de-
sire that Kelly and Rogers be appointed, "Bird Bur-
ton Phillips, a daughter of J. G. Phillips, deceased,
thereupon by attorney demanded that she be ap-
pointed and qualified as administratrix with the will
annexed in lieu of the said J. A. Kelly and W. C.
Rogers, and in lieu of all other persons," which mo-
tion the court overruled; and on the same day the
following order was entered: "In the Matter of the
Estate of J. G. Phillips.  Bird Burton Phillips by
attorney moved the court to set aside so much of the
order this day entered as appoints J. A. Kelly and
W. C. Rogers administrators with the will annexed
of J. G. Phillips, and refused to appoint her, Bird
Phillips, as a void order; and, the court being ad-
vised, overruled said motion, to which Bird Burton
Phillips objected and excepted, and prayed an appeal
to the circuit court."  The county court record also
shows that on February 3, 1908, which was the first
day of the second regular term of the county court
after the death of Mr. Phillips, the following order
was entered: "In the Matter of the Estate of James
G. Phillips.  This day came Miss Bird Phillips, by
attorney, and moved the court to appoint her ad-
ministratrix with the will annexed of the estate of
her father, J. G. Phillips, deceased.  The court, for
reasons sufficient to itself, declined to take action of

any kind upon said motion.'' And again, on the 2d day of March, 1908, Miss Phillips appeared in court and renewed her motion, which was continued until March 11, 1908. On May 4, 1908, Miss Phillips filed her affidavit in the county court, setting out her qualifications for and right to the office of administratrix, and ''moved the court to set aside as void the former order of this court appointing W. C. Rogers and J. A. Kelly as administrators of the estate of her father, J. G. Phillips, and to appoint her as administratrix of her said father's estate with the will annexed; and the court, being sufficiently advised, overruled each of said motions, and on account of the said former appointment refused to grant letters of administration to Bird Phillips, to all of which Bird Phillips objected and excepted and prayed an appeal to the Marion circuit court, which is granted.'' On May 26th Miss Phillips filed and perfected her appeal in the circuit court, and when the case came up for hearing, the appellees moved to dismiss the appeal, because it was not prosecuted in time. The circuit court sustained this motion, and Miss Phillips appeals.

It will be observed, as shown by the records of the county court, that Miss Phillips appeared in the county court when Kelly and Rogers were appointed as administrators, and asked to be appointed in their place, and that when her motion was overruled, she prayed an appeal to the circuit court, but did not perfect it. Appeals in matters like this must be prosecuted from the county court to the circuit court within 60 days after the order appealed from is made in the county court. The order of the county court, made in January appointing Kelly and Rogers ad-

ministrators and refusing to appoint Miss Phillips, was a final and appealable order. And if she desired to have this order reviewed in the circuit court, an appeal should have been taken and perfected in that court within 60 days thereafter. It is evident however, that the appeal to the circuit court was prosecuted, not from the orders of the county court made in January, but from the order made in May. In support of the right to appeal from the order made in May it is argued that the appointment of Kelly and Rogers under the circumstances stated was void, and hence the county court should have set it aside at any time; and, if it refused, the circuit court should set it aside on appeal. That being a void order, it was not important whether the motion to vacate it was made during the term—that is, before the regular term of the county court in February—or afterwards, and that when Miss Phillips moved the court in May to revoke the appointment of Kelly and Rogers and substitute her, she had the right, within 60 days thereafter, to appeal from the order overruling her motion, and have the matter of the appointment of Kelly and Rogers, and the refusal to appoint her, inquired into. In this view of the case we are unable to agree. If the order appointing Kelly and Rogers was void upon the ground that the court had no jurisdiction to appoint them, there would be much force in the argument presented by her counsel. But the appointment of Rogers and Kelly was not void. It was only erroneous. We may concede that under section 3896, of the Kentucky Statutes, Miss Phillips was entitled to be appointed at the time Kelly and Rogers were, if the widow had declined the appointment; but, as their appointment was only erroneous, and the court had jurisdiction

to appoint them, Miss Phillips, who objected to their appointment, should have prosecuted within 60 days thereafter an appeal to the circuit court, and failing to do this, she lost her right to complain about the appointment. In Underwood v. Underwood, 111 Ky. 966, 65 S. W. 130, 23 Ky. Law Rep. 1287, the court held that the appointment of a public administrator before the expiration of three months after the death of a decedent was void—holding that under section 3905 of the Kentucky Statutes the court had no jurisdiction to make the appointment until the three months had expired; but this rule has never been applied to the appointment of administrators under sections 3896, 3897 (Russell's St. 3919, 3920), of the Kentucky Statutes; and the appointment of an administrator with the will annexed is, as provided in section 3891, of the Kentucky Statutes (Russell's St. sec. 3937), regulated by these sections. On the contrary, we held in Buckner v. L. & N. R. Co., 120 Ky. 600, 87 S. W. 777, 27 Ky. Law Rep. 1009, Young's Admr. v. L. & N. R. Co., 121 Ky. 483, 89 S. W. 475, 28 Ky. Law Rep. 451, Spayd v. Brown, 102 S. W. 823, 31 Ky. Law Rep. 438, Cunningham v. Clay (Ky.) 112 S. W. 852, and McFarland v. L. & N. R. Co. (Ky.) 113 S. W. 82, that the appointment of an administrator, not of kin to the deceased, before the second county court day after the death of the intestate, was erroneous, but not void. It, therefore, follows that as the order of the county court appointing Rogers and Kelly was erroneous, the only way to correct it was by an appeal to the circuit court within sixty days from the date of the order making the appointment.

Wherefore the judgment of the lower court is affirmed.