## Thompson v. Archie's Administrator.

(Decided April 28, 1914.)

### Appeal from Mason Circuit Court.

1. Personal Representatives—Appointment of Stranger Before Second County Court Day.—Under Sections 3896 and 3897 of the Kentucky Statutes, the county court may grant letters of administration to a suitable person before the second county court day after the death of the intestate when the intestate left no resident kin, although the person so appointed may not be a creditor of the estate.

2. Personal Representatives—Appointment of Administrator—Who Entitled to Qualify.—Where an intestate died a resident of this State leaving no kin in this State, the county court had jurisdiction to immediately appoint a suitable person as administrator of his estate, although such a person was not a creditor of the intestate, as where there are no kin qualified to act the court is not obliged to give the preference to a creditor or wait until

the second county court day after the death of the intestate before making the appointment.

A. D. COLE for appellant.

THOS. D. SLATTERY for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

On the ——— day of May, 1913, Charles A. Slattery was granted letters of administration by the Mason county court upon the estate of Stephen Archie, deceased, and thereupon qualified. A few days thereafter, and during the month of May, Elizabeth C. Thompson, a sister of the deceased, and a resident of the State of West Virginia, filed her petition in the county court, in which she averred that Slattery, who was not of kin to or a creditor of the deceased, was appointed administrator of his estate before the second county court after his death, and therefore his appointment was void, and she asked that the order appointing him be set aside on the ground that the deceased had a creditor in this State who was qualified to act and should have been appointed.

To this petition as amended, a demurrer was sustained by the county court, and upon appeal to the circuit court by Mrs. Thompson, the judgment of the lower court was affirmed.

It appears from the record that the deceased left surviving him as his only heir at law Mrs. Thompson, who was a non-resident of the state, and there is no showing that Slattery was not a suitable person to act as administrator or any reason assigned for asking his removal except that his appointment was made prematurely. In short, the argument for the appellant is that where a resident of Kentucky dies leaving creditors but no next of kin who are residents of the state, the court has no jurisdiction to grant leters of administration to any person except a creditor until the second county court day after his death, and therefore the county court was without jurisdiction to appoint Slattery, and the order making his appointment was void.

Section 3896 of the Kentucky statutes reads: "The court having jurisdiction shall grant administration to the relations of the deceased who apply for the same, preferring the surviving husband or wife, and then such others as are next entitled to distribution, or one or more

of them who the court shall judge will best manage the estate."

Section 3897 provides: "If no such person applies for administration at the second county court from the death of an intestate, the court may grant administration to a creditor, or to any other person, in the discretion of the court."

This statute does not mean that the court is without power to grant administration until the second county court from the death of the intestate unless some of the persons described in sec. 3896 apply for administration before that time. In the case we have, the intestate had no kin entitled to administer on his estate, his only heir at law being a non-resident of the state and therefore disqualified. It does appear that he left creditors who were residents of this state, but no one of these creditors applied for administration on his estate, nor are any of them complaining of the appointment of Slattery. Indeed if a creditor had applied for administration on the second county court day after the death of the intestate, or before that time, the court would have been under no statutory duty to appoint the creditor, as it is provided that the "court may grant administration to a creditor or to any other person, in the discretion of the court."

We think, therefore, that when a resident citizen of this state dies, leaving surviving him no next of kin who are entitled to administer on his estate, that the court may, at any time after his death, grant letters of administration to some suitable person, although such person may not be a creditor of the intestate, and the appointment may be made before the second county court from the death of the intestate. A case might arise in which it would be almost indispensable that administration should be promptly granted on the estate of a person who left surviving him no next of kin to act as administrator. In some instances it might work serious embarrassment and loss to the estate if administration could not be granted until the second term of the county court after the death of the intestate, and we perceive no reason why, when a state of case like the one before us is presented, the court should not act promptly.

Of course if the appointment of a stranger or a creditor is made before the second county court after the death of the intestate, and some person entitled to administration under section 3896, should apply before the second term of the county court after the death of the intestate

and ask permission to qualify, the court should set aside the order granting administration and appoint the person entitled and competent to qualify. But this premature appointment would not be void but merely voidable: Leach v. Owensboro Street Ry. Co., 137 Ky., 292.

Counsel for appellant relies on the case of Young's Admr. v. Louisville & Nashville R. R. Co., 121 Ky., 483, as authority for the proposition that the county court has no jurisdiction to grant letters of administration before the second county court day if the deceased left any creditors in this state, although he might have no resident kin. But we do not understand this case to hold that the court must delay granting the administration to await the pleasure of some creditor, or that if a creditor applies on or before the second county court day and asks that a stranger previously appointed shall be removed and the appointment given to him merely because he is a creditor, the court must grant his request. In the Young case the question before this court was the right of the county court to grant letters of administration before the second term after the death of the intestate who had no kin residing in this state. It is true that in the course of the opinion some reference is made to creditors in the same connection with the reference to next of kin, but the creditors were referred to merly because it appeared from the whole case that the deceased did not leave surviving him either next of kin or creditors, and so the court spoke of them in the same connection. But in coming to decide the precise question, the court said:

"Appellee's counsel contends that the power to appoint any person as administrator at the first term of the court after the death of the decedent depends upon the question as to whether or not the person to be appointed is a distributee of the estate of deceased; that the relationship is a jurisdictional fact, and without it the court had no jurisdiction to appoint any other than a distributee until after the second term of the county court after the death of the decedent. We cannot agree to this proposition. Sec. 1057 of the statutes confers the jurisdiction upon the county court. The other sections referred to delay him in the exercise of that jurisdiction until after the second county court for the benefit of the relatives in case they see proper to apply. But when there are no relatives, as in this case, there can be no reason for the delay by the county court in the exercise of its jurisdiction."

And it was not intended by this case to take from the court jurisdiction to appoint a stranger because the deceased may have left creditors. The statute is only mandatory in giving the preference to the persons mentioned in sec. 3896. Unless one of these described persons is eligible for appointment and applies therefor then the time of appointment, as well as the person to be appointed, is left to the discretion of the court. Spayd v. Brown, 31 Ky. L. R., 438.

The judgment is affirmed.