## Liberty Bank & Trust Company v. Kentucky Title Trust Company et al.

### Lemon v. Same.

(Decided May 12, 1931.)

(As Extended on Denial of Rehearing June 16, 1931.)

264

BEN F. WASHER and WALTER S. LAPP for appellant Liberty Bank & Trust Co.

WM. F. CLARKE, JR., and ARTHUR B. BENSINGER for appellant Lemon.

GORDON, LAURENT & OGDEN for appellees Ky. Title Trust Co., Tyler and Ouerbacker.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing in part and affirming in part.

The question presented is one of statutory construction, and involves the right of appointment as adminis-

trator de bonis non with the will annexed to complete the administration of an estate under a will, when the nominated executor has been appointed and qualified, but removed for cause before his work was completed. It arises out of the facts and in the manner now to be stated. The National Bank of Kentucky, as executor of the last will of Brainard Lemon, was removed for cause. The beneficiaries under the will, as well as the next of kin, were Gertrude Vogt Lemon, the widow of the testator, and Mary Lemon Tyler and Lucy Lemon Ouerbacker, daughters of the testator by a former marriage. The testator had also a son, but he is a nonresident of the state, and has been paid his share of the estate. The widow entered a motion to be appointed administratrix de bonis non with the will annexed. The two daughters interposed objections to the motion and requested the appointment of the Kentucky Title Trust Company. The widow and daughters of the testator were proceeding on the theory that precedence in the matter of appointment of the personal representative was governed by sections 3896 and 3891, Kentucky Statutes. It was the position of the daughters that the widow, although ordinarily entitled to the appointment, was ineligible to act in this instance because of interests asserted by her adverse to the provisions of the will, and that thereupon the daughters became entitled to designate the appointee. The county court disposed of the controversy by rejecting both requests, and appointed the Liberty Bank & Trust Company administrator de bonis non with the will annexed. That company thereupon duly qualified and gave bond in the penal sum of $1,850,000, as required by the court. It was apparently the view of the county court that the statutes referred to did not apply in the circumstances presented.

The widow and the Kentucky Title Trust Company each prosecuted an appeal to the circuit court, where a judgment was rendered reversing the action of the county court and directing the appointment of the Kentucky Title Trust Company in the place of the Liberty Bank & Trust Company. The present appeals are prosecuted from the judgment of the circuit court, have been heard together, and will be disposed of in a single opinion.

The primary problem to be solved is whether the county court in the case presented was free to appoint any suitable person, or was compelled to observe the

precedence prescribed by the statutes in cases of original appointment. The appointment was made by virtue of section 3846, Ky. Statutes, which reads:

"If a personal representative shall reside out of the state, or become insane, or become otherwise incapable to discharge the trust, or bankrupt, or insolvent, or in failing circumstances, the county court shall remove him, and the other representative shall discharge the trust; but if he reside in the county of his appointment, or in an adjoining county, and is not insane, he shall have ten days' notice before the order of removal is made; if insane, the notice must be given to his trustee, if he have one, and if there is no representative, the court may appoint one."

It is argued that the concluding sentence of that section does not authorize the appointment of a personal representative to fill the vacancy caused by the removal of an executor. It is said that it was meant to provide for the appointment of a representative of the lunatic to receive notice of the proceeding for removal, but the history of the section forbids that construction. Chapter 39 of the General Statutes dealt with the subject of executors and administrators. Article 1 of the chapter contained twenty-three separate sections dealing with various features of the subject. Sections 19 and 20 were as follows:

"Sec. 19. If a personal representative shall reside out of the State, or become insane, or become otherwise incapable to discharge the trust, or bankrupt, or insolvent, or in failing circumstances, the county court shall remove him, and the other representative shall discharge the trust; but if he reside in the county of his appointment, or in an adjoining county, and is not a lunatic, he shall have ten days' notice before the order of removal is made; if a lunatic, the notice must be given to his trustee, if he have one.

"Sec. 20. If there is no representative, the court may appoint one."

After the adoption of the present Constitution, the Legislature enacted chapter 156 of the Acts of 1891-92-93, concerning personal representatives. The sections above quoted were consolidated into a single section and

numbered 10. The word "lunatic" ,where it appeared in the original statute was changed to "insane," the punctuation was altered, and the word "and" was inserted between sections 19 and 20. In that very form, section 10 of the act of March 3, 1893 (Acts 1891-92-93, p. 541, c. 156) became the present section 3846 of the Kentucky Statutes.

In the light of its language and history, there is no room for the contention now advanced.

It will be observed that the statute confers power to appoint without qualification, restriction, or limitation. The authority, however, is not absolute, but judicial, and must be exercised in accordance with prevailing principles of judicial procedure. The power of the court is not restricted, but its duty, of course is to select a suitable person for the trust. It is cheerfully conceded that the trust company selected by the county court is competent and qualified, and, if that court was not required to follow the directions of section 3891 or section 3896 in making the appointment, the circuit court was not justified in reversing the judgment of the county court. But it is argued that the power of the county court is limited by the provisions of those sections, and that it was not at liberty to proceed otherwise. The sections of the statute to be considered are these:

Section 3891: "If there be no executor appointed by the will, or if all the executors therein named die, or refuse the executorship, or fail to give bond, as required by law, which shall amount to such refusal, the court may grant administration, with the will annexed, to the person who would have been entitled to administration if there had been no will, but no person shall be eligible to appointment as administrator with the will annexed whose interests are antagonistic to the provisions of the will."

Section 3894: "When any person shall die intestate, that court shall have jurisdiction to grant administration on his estate that would have had jurisdiction to probate his will, had he made one."

Section 4849 fixes the county of testator's residence as the place for the probate of his will.

Section 3896: "The court having jurisdiction shall grant administration to the relations of the deceased who apply for the same, preferring the sur-

viving husband or wife, and then such others as are next entitled to distribution, or one or more of them who the court shall judge will best manage the estate.''

Section 3897: ''If no such person apply for administration at the second county court from the death of an intestate the court may grant administration to a creditor, or to any other person, in the discretion of the court. If a will shall afterward be produced and proved, the administration shall cease, and the court may proceed to grant a certificate of the probate thereof, or, in the proper case, letters of administration, with the will annexed.''

The power to appoint the personal representative is conferred upon the county court and not upon the next of kin. The statute which authorizes the appointment (section 3846) makes no reference to any right of precedence, or to any other statute. If the power conferred is to be affected by any other section of the Statutes, it is by reason of some provision external to section 3846. It is obvious from the text, and certain from the history of sections 3894, 3896, and 3897, that they refer to and regulate the original appointment of personal representatives of persons who die intestate.

The preferment given by section 3896 continues only for a brief period, for, if no such person apply for appointment at the second county court ''from the death of an intestate,'' the court may grant administration to a creditor, or to any other person. Bennett v. Bennett's Adm'r, 134 Ky. 444, 120 S. W. 372. None of these provisions by their own terms apply to any other situation. If they are made applicable in any other case, it is by virtue of some provision external to them. Thus section 3891 of the Statutes adopts to a limited extent the preference defined by section 3896. That section of the Statutes regulates the original appointment of the administrator with the will annexed when a will has been established and no executor is nominated therein, or when all the executors nominated predeceased the testator, or refused the executorship, or failed to give bond as required by law. In any one of such cases the court may grant administration with the will annexed ''to the person who would have been entitled to administration if there had been no will.'' Thus by adoption the precedence indicated by section 3896 of the Statutes is applied

to the original appointment of an administrator with the will annexed under section 3891. Yet that reference does not include the restrictions of section 3897, which is not applied at all to cases arising under section 3891. Adams v. Readnour, 134 Ky. 232, 120 S. W. 279, 20 Ann. Cas. 833; Louisville Trust Co. v. Bingham, 178 Ky. 573, 199 S. W. 58. Again it is to be noted that section 3891 is confined by its terms to the original appointment of an administrator with the will annexed, as therein provided, and, if the predecence indicated by it applies to any other situation, it must be derived from some provision of law external to that section. And since section 3846 contains no right of preference within itself and none is imposed upon it by the other sections which create preferences, it is difficult, if not impossible to spell out of the Statutes governing original appointments any limitation upon the power of the county court to fill vacancies caused by the removal of executors.

It is insisted that common usage and the policy of the law require a preference of those most vitally interested in the estate involved. But we find no evidence of usage or custom to control the discretion of the court, and the policy of the law must be derived from an interpretation of the statutes. The meticulous provision for preferences to be favored in specific instances, and the absence of such directions regarding other cases provided for, would seem to proclaim a different policy to be applied in the varying situations.

It is argued that section 3896 includes by implication the power to appoint a successor to a deceased administrator (cf. Burnett v. Meadows, 7 B. Mon. 277, 46 Am. Dec. 517, and section 3881, Ky. Stats., respecting resignations, and section 3844, respecting pending actions), hence it is not confined to the original appointment of personal representatives. That circumstance affords no support to the argument for appellees, since the preference given the next of kin by section 3896 is taken away by section 3897, if the first administrator should die subsequent to the second county court after the "death of the intestate."

Prior to the act of 1924, section 3891 gave preference in the original appointment of an administrator with the will annexed to the person who would have been entitled to administration if there had been no will. It was discovered that such requirement might result in the appointment of a personal representative whose inter-

ests were opposed to the will. So the section was amended to prevent the appointment in such capacity of any person whose interests were antagonistic to the provisions of the will. It is insisted that the disqualification extends to the appointment of administrators with the will annexed under any other section of the Statutes, and hence an intent is manifested to extend the preferences and disqualifications to every situation that might arise. The title and terms of the act of 1924 confine its operation to the cases covered by section 3891, but, if it could be applied to certain other sections, it would have no bearing on the power of the court under section 3846 or the propriety of its exercise in the present instance.

Finally it is urged that the several statutes are parts of the same chapter, concern the same general subjects, should be considered together, and given a harmonious and consistent construction to carry out the plain purpose of the legislative scheme. Cf. Rieke v. Rieke, 183 Ky. 131, 208 S. W. 764.

Doubtless that is true, but the restrictions placed upon a power in one instance cannot be extended to another case for which they were not intended and from which they were virtually excluded. When one provision is made for particular circumstances, and another provision is ordered for other circumstances, it would lead to confusion if the distinctions were disregarded and the directions designed for one situation were attempted to be superimposed under circumstances calling for the application of the other rule. And even though the statutes are to be considered and construed together for the purpose of ascertaining the cases covered, restrictions addressed to one state of facts cannot be read into another and varying situation where the limitation was omitted and to which it was not necessarily pertinent. In considering all the different provisions made for the particular circumstances that were contemplated, it is nevertheless necessary to preserve the procedure designed for each individual situation described. Confusion is avoided and harmony maintained by confining the operation of a statute to the circumstances to which it was addressed by the legislative power.

It is error to deny the right of precedence to a person entitled thereto (Hood v. Higgins, 225 Ky. 718, 9 S. W. (2d) 1078; Louisville Trust Co. v. Bingham, 178 Ky. 573, 199 S. W. 58; Buckner's Adm'r v. Buckner, 120

Ky. 596, 87 S. W. 776, 27 Ky. Law Rep. 1032; Watkins v. Watkins, 136 Ky. 266, 124 S. W. 301): yet the appointment of a stranger as personal representative before the second term of the court after the death of an intestate is not void, but merely erroneous, and the sole remedy is by appeal [Leach v. Owensboro City Ry. Co., 137 Ky. 292, 125 S. W. 708. Phillips v. Hundley, 135 Ky. 269, 122 S. W. 147; McFarland's Adm'r v. L. & N. R. R. Co., 130 Ky. 172, 113 S. W. 82. Cunningham v. Clay (Ky.) 112 S. W. 852; Chesapeake & O. Ry. Co. v. Banks, 142 Ky. 746, 135 S. W. 285; Thompson v. Archie, 158 Ky. 590, 165 S. W. 977; Morgan v. Moran's Adm'r, 172 Ky. 343, 189 S. W. 248].

Whilst the right to be preferred as a personal representative is a substantial one and must be respected, it is to be applied only to the extent and under the circumstances indicated by the statute. The jurisdiction of the court is not delimited, but its discretion is directed, in those instances where a preference is prescribed. In all other cases, where the power of selection is conferred, it is limited only by the rules and practices obtaining in the administration of justice by the courts. Emsley v. Young, 19 R. I. 65, 31 A. 692; Russell v. Hoar, 3 Metc. (Mass.) 187.

Our study of the Statutes and decisions results in the conclusion that a county court, in appointing a personal representative under section 3846 of the Statutes, is not required to respect the preferences prescribed by other sections of the Statutes, but is empowered to appoint any suitable person to fill a vacancy occasioned by the removal for cause of a duly appointed and qualified executor.

Such conclusion ends the controversy and renders unnecessary the consideration of any other question argued on the appeals.

It follows that the ruling of the county court was within its power and province and not erroneous, and the reversal by the circuit court was not justified.

Upon the appeal of the Liberty Bank & Trust Company, the judgment is reversed for proceedings not inconsistent with this opinion.

Upon the appeal of Gertrude Voght Lemon the judgment is affirmed.

Judge CLAY took no part in the decision of this case.