Bertha Mae Abell SKAGGS, Appellant,

v.

Marlow COOK, Judge, Jefferson County Court, et al., Appellees.

Court of Appeals of Kentucky.

Jan. 24, 1964.

---

858 ◼ ▬▬▬▬▬▬▬▬

William Kiel, Mayer, Cooper & Kiel, Louisville, for appellant.

Mark Davis, Jr., Garland R. Hubbard, Samuel Steinfeld, Steinfeld & Steinfeld, Louisville, for appellees.

STEWART, Judge.

This is an appeal from a judgment of the Jefferson Circuit Court, affirming an order of the Jefferson County Court, by which the application of appellant, Bertha Mae Abell Skaggs, to be appointed administratrix of the estate of her uncle, James V. Abell, deceased, was rejected and Frank Haddad, Jr., an appellee herein, who is the public administrator of Jefferson County, was appointed.

On February 7, 1961, Mary P. Abell, wife of James V. Abell, died testate, and willed her estate of approximately $260,000 to certain persons unrelated to her by blood, with a provision that her husband's income should be supplemented for necessities during his lifetime, only if his income proved insufficient. William Emmett Abell, an ap-

pellee herein, was left one-fourth of the remainder.

On April 14, 1961, James V. Abell was adjudicated an incompetent, and Samuel Abell, his brother, together with the Liberty National Bank and Trust Company, were made his cocommittee. On April 17, 1961, the cocommittee filed a renunciation of Mary Abell's will on behalf of James V. Abell. On May 10, 1961, the cocommittee filed suit in the Jefferson Circuit Court requesting either an affirmance of the cocommittee's renunciation or that the circuit court make the renunciation on behalf of James V. Abell. This proceeding is now pending.

On August 15, 1961, James V. Abell died testate, leaving his estate in equal amounts to his niece, appellant herein, and to his nephew, William Emmett Abell, an appellee herein. The will was probated on September 28, 1961, and the executor named therein refused to qualify. Appellant and appellee, William Emmett Abell, each filed an application for letters of administration with the will annexed and each objected to the appointment of the other.

A hearing was held before a special commissioner who recommended that appellant be appointed in the foregoing capacity. Appellee, William Emmett Abell, filed exceptions to the special commissioner's report. His chief exception was that appellant's interests are contrary to and in conflict with the administration of the estate of James V. Abell and, in consequence, she could not perform the trust in an unbiased manner. The county court sustained this exception, rejected the applications of both appellant and appellee, William Emmett Abell, and appointed appellee, Frank Haddad, Jr., as administrator with the will annexed. The circuit court on review affirmed the county court's actions. This appeal followed.

James V. Abell's estate, at the time of his death, was valued at $14,716.04. The attempted renunciation, if successful, would

enhance his estate by about $130,000, which would be shared equally by appellant and appellee, William Emmett Abell.

KRS 395.040(1), concerning who is entitled to be named administrator, states in part: "The (county) court shall grant administration to the relations of the deceased who apply for administration, preferring the surviving husband or wife, and then such others as are next entitled to distribution, or one or more of them whom the court judges will best manage the estate."

It is the established rule in Kentucky that the county court *must* conform to the directions set forth in the above subsection in the appointment of a personal representative to administer an estate. The right is a valuable one, and a person entitled to perform such a trust cannot be deprived of it without legal cause. See Cosby v. Hays, Ky., 257 S.W.2d 575; Liberty Bank & Trust Co. v. Kentucky Title Trust Co., 239 Ky. 263, 39 S.W.2d 258; and Hood v. Higgins' Curator, 225 Ky. 718, 9 S.W.2d 1078.

Appellant and appellee, William Emmett Abell, both of whom applied for letters of administration, were equally entitled to be appointed unless either or both be disqualified. The special commissioner concluded the right as to whom should be accorded preference should be determined by the attitude of each applicant to the question of whether the renunciation proceeding, now awaiting a circuit court decision, should be prosecuted to a final determination. Appellant favors a continuation of this litigation; appellee, William Emmett Abell, opposes such a course of action, he having testified he will dismiss the action if he is named administrator. Perhaps his motive for taking such a stand is the fact that he is a legatee under the will that is sought to be renounced.

The special commissioner ruled that the announced intention of appellee, William Emmett Abell, to refrain from obtaining a renunciation of the will of Mary P. Abell,

disqualified him from being appointed as the personal representative, because such inaction "would result in the estate of James V. Abell being denied the opportunity of being greatly increased" and would therefore be in conflict with the best interests of that estate. On the other hand, he found appellant qualified and competent and was of the view that her avowed purpose to bring about a renunciation of the will of Mary P. Abell, if successful, would redound to the benefit of the estate of James V. Abell. Accordingly, he recommended appellant's appointment.

As stated heretofore, the county court declined to follow the recommendation and made the appointment mentioned in the first paragraph of this opinion. The circuit court upheld the county court's action and employed this line of reasoning in declining to honor the application of appellant:

"If Mrs. Skaggs (appellant) as administratrix pursues the course already charted (that is, attempts to adjudicate the renunciation) and is successful she will be doing so at the expense of the estate for her own personal gain and at the expense of her brother, for. he will be charged with one-half of the expense. On the other hand, if she is unsuccessful, her brother will again be bearing one-half of the expense for an action which would enure to Mrs. Skaggs' personal gain. Among other things it is not fair that William E. Abell should bear the expense of his sister in fighting for her own personal gain."

It appears the only reason advanced for rejecting appellant's application for appointment is that her interest, as the trial judge found, "is opposite and necessarily antagonistic to that of her brother." In the case of Rieke's Adm'r. v. Rieke, 183 Ky. 131, 208 S.W. 764, this Court reversed a judgment which removed the administrator with the will annexed who was seeking a construction of the will that would be to the benefit of his wife. It was held

such action did not warrant the discharge of one acting in a fiduciary capacity. The opinion of that case said that persons upon whom preference in appointment is conferred under the statute "always necessarily have interests antagonistic to others entitled to participate in the distribution of the estate."

In Hays v. Coy, Ky., 264 S.W.2d 258, it was held the fact that personal antagonism existed between the husband and the deceased wife's brother did not disqualify the brother from holding the office of administrator with the will annexed of the wife's estate.

In Barnett's Adm'r. v. Pittman, 282 Ky. 162, 137 S.W.2d 1098, the opinion, after pointing out that the right to act asserted, in order to uphold the removal of a fiduciary, must be one that is incompatible with the best interest *of the estate*, made this pertinent statement: " * * * Mere personal hostility toward a distributee does not necessarily disqualify one to act as personal representative of an estate."

Appellant and appellee, William Emmett Abell, will lose only the expense of the lawsuit, if renunciation is denied. On the other hand, the legacy that each would receive could increase from $7000 to approximately $72,000, if the renunciation litigation is successful. The very act it is claimed should disqualify appellant for the appointment is one that demonstrates she would be performing a deed for the best interest of the estate. In fact, it is firmly believed the administrator with the will annexed, whoever he might be, would be derelict in his duty if he failed to attempt to have the will of Mary P. Abell, the decedent's wife, renounced.

Wherefore, the judgment is reversed with directions that a new one be entered directing the county court to appoint appellant, Bertha Mae Abell Skaggs, administratrix with the will annexed of the estate of James V. Abell.