STATE *v.* DOSS.

Opinion delivered April 5, 1902.

INTOXICATING LIQUORS—REVOCATION OF LICENSE—DEFENSE.—The county court had the right to set aside an order revoking a previous order enforcing the three-mile prohibitory law during the term at which the revoking order was made, and when such revoking order was set aside it left the prohibitory order in force, so that a license previously granted is no defense to a prosecution for the sale of whisky.

Appeal from White Circuit Court.

HANCE N. HUTTON, Judge.

Reversed.

STATEMENT BY THE COURT.

The appellee was indicted for the unlawful sale of whisky on the 8th day of July, 1901, in White county, within three miles of the Methodist Church, South, situated in the incorporated town of Beebe, Arkansas, the county court of White county having previously made and entered upon its records an order prohibiting the sale of intoxicating liquors within said limits, which order was then and there of record in the office of clerk of said court and in full force and effect.

The defendant pleaded not guilty, and the cause by consent was submitted to the court for trial without a jury.

The state read in evidence an order of the White county court, entered January 3, 1899, prohibiting the sale of intoxicating liquors, etc., within three miles of the Methodist Episcopal Church, South, at the town of Beebe in White county for the period of two years from the date of the order, and until a majority of the adult inhabitants residing within said territory by petition to the court might have said order revoked.

The defendant admitted that he sold intoxicating liquors on the 5th of July, 1901, within three miles of said Methodist Episcopal Church, South, and the prosecuting attorney thereupon announced that he limited the prosecution to sales on that day. The defendant testified that he sold whisky in said limits on the 5th of July, 1901, but he sold the same in his saloon, which he was running under a license from the White county court. There was then read an order of the county court made the 9th day of January, 1901, revoking the said prohibitory order, and there was then read an order of said court, made on said 9th day of January, 1901, on the application of the defendant, granting him license to keep a dramshop at Beebe, White county, during the year ending December 31, 1901. It was admitted that the record showed no order revoking the license. On the 18th of March, 1901, a day of the January term at which the prohibitory order was revoked, upon the application of citizens and residents of the town of Beebe, who were made parties, and who stated and showed to the court that the petition for the revocation of said prohibitory order did not contain

a majority of the adult inhabitants within said radius of three miles, and alleged that fraud was practiced upon the court in obtaining said revocation, the court found that said petition did not contain a majority of the adult inhabitants living within three miles of the Methodist Episcopal Church, South, in the town of Beebe, and revoked the order made on the 9th day of January, 1901, revoking the prohibitory order made at the January term, 1899.

Also the following order of the White county court made on the 26th day of June, a day of the April term, 1901, thereof, was read in evidence: "In the matter of the petition of A. W. Campbell *et al.*: On this day presented to the court the petition of A. W. Campbell and others, praying a revocation and annulling of the prohibitory order made at the January term, 1899, of this court, prohibiting the sale of liquors within three miles of the Methodist Episcopal Church, South, at Beebe, White county, Arkansas, and the court, being well and sufficiently advised in the premises, doth find that said petition does not contain a majority of the adult inhabitants living within said territory, and doth refuse to grant said petition; and it is further ordered that petitioners pay all costs in this cause expended."

The attorney for the state then, the evidence having closed, "asked the court to declare the law to be that, the county court having made and entered an order at the January term, 1899, thereof in accordance with the statute, upon a petition of a majority of the adult inhabitants living within three miles of the Methodist Episcopal Church, South, in the town of Beebe, declaring it to be unlawful to sell or give away intoxicating liquors within said limits for two years, and until said order should be revoked by an order made upon the petition of a majority of the adult inhabitants living within said limits, * * * before the county court could grant a license to sell liquors or keep a dramshop in such territory, the order made at the January term, 1899, must have been revoked upon the petition of a majority of the adult inhabitants living within said limits; and that if, at the January term, 1901, of said court, a petition was presented * * * asking for such revoking order, purporting to be signed by a majority of such adult inhabitants, when in fact it did not contain a majority thereof, but the county court, acting upon presentations made to it at the time by petitioners (one of whom was the defendant) that the petition did contain a majority of such inhabitants, granted the prayer thereof, and made

an order revoking the prohibitory order of the January term, 1899, and immediately granted license to defendant, but at the same term at which such revoking order was made granted a new trial therein, and set aside the order made at that term, and upon the final hearing found that the petition did not contain a majority of the adult inhabitants living within said three-mile limit, and refused to revoke the order made at the January term, 1899, then it was unlawful to sell intoxicating liquors within three miles of the Methodist Episcopal Church, South, at Beebe, on the 5th day of July, 1901, and the license so obtained by the defendant will not justify or excuse him." The court refused to so declare the law, to which plaintiff excepted at the time.

The court made the following findings of fact and declaration of law:

"The court finds the facts to be that at the January term, 1899, the White county court made an order, which has been read in evidence, upon a petition of a majority of the adult inhabitants living within three miles of the Methodist Episcopal Church, South, at Beebe, White county, Arkansas, making it unlawful to sell or give away intoxicating liquors within three miles of said church for the term of two years, and until such order should be revoked upon petition of a majority of the inhabitants living within said territory; that on the 9th day of January, 1901, the defendant and others presented to the county court a petition, alleged to contain a majority of the adult inhabitants living within said territory, asking the court to revoke the order made at the January term, 1899, and upon consideration thereof the county court granted the prayer of the petition, and made the order of January 9, 1901, which has been read in evidence, revoking the order of January, 1899, and on the same day also granted to the defendant, upon his petition, license to sell liquor and keep a dramshop in the town of Beebe until the 31st day of December, 1901; that on another day of the January term, 1901, the county court, upon the motion of Edwin Moore and others, who had been made parties thereto, granted a new trial, and set aside the order made on the 9th day of January, 1901, revoking the prohibitory order, and continued the further consideration of the petition until the next April term of the court; that at the April term, 1901, upon the final hearing of the petition for the revocation of the prohibitory order made at the January term, 1899, the prayer of the petition was denied, because the court found

that it did not contain a majority of the names of the adult inhabitants living within three miles of the Methodist Episcopal Church, South, at Beebe."

"The court declares the law to be that, the White county court having made an order on the 9th day of January, 1901, revoking the prohibitory order made at the January term, 1899, and, in the interim between the making of the order and the granting of a new trial, having issued license to the defendant, the order made thereafter refusing the prayer of the petition, and restoring the prohibitory order of January, 1899, was in the nature of a new prohibitory order, and did not affect the rights of the defendant under his license, and that the license issued to him by the county court protects against prosecutions for sales made in his dramshop for the full period covered by his license."

Thereupon the court found the defendant not guilty, and he was discharged.

The state moved for a new trial on these grounds: (1) The finding and judgment is contrary to law; (2) the finding and judgment is contrary to the evidence; (3) the finding and judgment is contrary to the law and evidence; (4) the court erred in its declaration of law and finding of facts; (5) the court erred in refusing to declare the law as asked by the plaintiff. The court overruled the motion, and the state excepted, and prayed an appeal, which was granted.

*George W. Murphy, Attorney General,* for appellant.

The county court had the power to vacate the order of revocation at the same term at which it was made. 27 Ark. 295. The vacation of that order and the subsequent denial of the appellee's petition left him in the attitude of selling under a license granted while the prohibitory order of 1899 was in force. Such a license has no validity. 56 Ark. 110; 35 Ark. 415.

*J. V. Roberts,* for appellee.

The county court had not the power to reopen and vacate the order at the adjourned day. 40 Ark. 290; 52 Ark. 415.

HUGHES, J., (after stating the facts.) The court had power and the right to revoke its order revoking the prohibitory order during the term at which the order was made, and its finding of facts warranted it in doing so. When the order was revoked, it

left the prohibitory order in full force, and really showed that it had never been in effect suspended. The license granted upon the order revoking the prohibitory order never had any validity, and there was no foundation in fact for such license. The license there-fore was no protection to the defendant against a prosecution for the sale of whisky. *Underwood* v. *Sledge,* 27 Ark. 295.

The judgment of the court is reversed and remanded for further proceedings.