Case 76.—ACTION BY LUCINDA BUCKNER AND ANOTHER AS ADMINISTRATORS OF ALEX. BUCKNER, DECEASED, AGAINST THE LOUISVILLE & NASHVILLE R. R. CO. FOR CAUSING THE DEATH OF INTESTATE.—May 31.

## Buckner's Adm'rs v. Louisville & Nashville R. R. Co.

Appeal from Marion Circuit Court.

CHAS. PATTERSON, Circuit Judge.

From a judgment dismissing the petition plaintiffs appeal. Reversed.

1. Administrators — Appointment — County Court—Jurisdiction— Action by—Plea in Abatement—Where an action was brought against a railroad company by L. B. and F. R., who sued as administrators of deceased for damages for causing his death, it was error in the lower court to sustain a plea in abatement to the action on the ground that the plaintiffs were not entitled to be appointed as such administrators, because not next of kin to the deceased.

2. Same—The county court having the jurisdiction to appoint an administrator of a decedent, necessarily has the right to determine whether a given applicant is related to the decedent in the degree authorizing her appointment, and the fact that such court erred in so deciding, and appointed another, such appointment, though erroneous, is not void.

W. S. PRYOR and H. P. COOPER for appellants.

W. C. McCHORD, B. D. WARFIELD and LAFE S. PENCE for appellees.

(Note—This case was tried with preceding case of Buckner's Adm'r v. Buckner, to which reference is made for briefs.)

OPINION BY JUDGE O'REAR—Reversing.

Alex. Buckner, deceased, was killed, it is claimed, by the negligence of appellee company in the operation of one of its trains. A suit was brought against appellee by Lucinda Buckner and Frank Rice, who sued as administrators of Alex. Buckner, to recover from appellee the damages sustained by the estate of the intestate by reason of the destruction of his life. Appellee pleaded in abatement that the plaintiffs, Lucinda Buckner and Frank Rice, had never been the administrators of Alex. Buckner; that the order of the county court attempting to appoint them was void because of lack of jurisdiction in that court to make the order when it was made. This plea was based upon the fact that the county court proceeded to make the appointment of the plaintiffs as administrators before the second term of the county court after the death of decedent, when another, to wit, Birdie Buckner, the sole distributee of the decedent, was applying for letters of administration in her own name. It is claimed that sec. 3896 of the Ky. Stats., of 1903, limits the right of the county court in selecting administrators of the decedent's estate within the first two months after his death to such of his relations

as are next entitled to distribution of his estate, and that the court is without jurisdiction to appoint a stranger administrator until after two terms of the county court have passed after the death of decedent. The case of Underwood v. Underwood, 111 Ky., 966, 23 Ky. Law Rep., 1287, 65 S. W., 130, is relied on.

The fact was shown that Birdie Buckner was legally entitled to qualify as administratrix of Alex. Buckner.   (See opinion this day delivered in Alex. Buckner's Administrators v. Birdie Buckner, 27 Ky. Law Rep., 1032, 87 S. W., 776.)   But it does not follow that the judgment of the county court appointing Lucinda Buckner and Frank Rice as administrators of Alex. Buckner was void.   The facts are materially different from the state of case presented in Underwood v. Underwood.   Here, if Birdie Buckner was not the legitimate child of Alex. Buckner, then he died without issue, so far as the record discloses.   In that event his mother would have been the next of kin, and entitled to distribution of his estate.   The county court, having the jurisdiction to appoint an administrator of the estate, must necessarily have the right to determine whether a given applicant is related to the decedent in the degree claimed.   It was, therefore, competent for that tribunal to adjudge the fact that Birdie Buckner was not in fact a daughter of the decedent.   Having the right to adjudge that fact, the judgment of the county court, though erroneous, is not void.   That Frank Rice, a stranger, was appointed as co-administrator with the mother of the decedent, can not affect the validity of the county court's order appointing the two so far as to make it void.   If it had been true that Birdie Buckner was not decedent's daughter, then, as his mother would have been entitled to administer, she alone would have had the right to complain that another was associated

with her in the office of administrator. As she qualified jointly with him without complaint, no one else will be heard to raise the objection.

As the judgment of the county court appointing Lucinda Buckner and Frank Rice as administrators was not void, but merely erroneous, they, until their office was terminated by a reversal of the county court's order appointing them, or was otherwise ended, had all the authority that would have been possessed by the administrator rightfully appointed, consequently, they could bring a suit in behalf of the decedent's estate, and could bind the estate in any matter in which a legally appointed administrator could bind it. The sureties upon their bonds would be liable for their mal-administration. Therefore the plea in abatement in this case was not good, at least until the judgment of the circuit court reversing the appeal of Birdie Buckner 'v. Lucinda Buckner and Frank Rice.

The judgment dismissing the petition absolutely in this case is reversed, and cause remanded with directions to allow the case to proceed in the name of the rightful administrator, if it should be so desired.