CASE 22.—PERSONAL INJURY ACTION BY GILLIS McFAR-
LAND'S ADMR. AGAINST THE LOUISVILLE &
NASHVILLE R. R. CO.—October 30.

## McFarland's Admr. v. L. & N. R. R. Co.

Appeal from Whitley Circuit Court.

M. J. Moss, Circuit Judge.

Judgment of dismissal; plaintiff appeals.—Affirmed.

1. Executors and Administrators—Appointment of Administrator
—Validity.—Under Ky. St. 1903, sections 3896, 3897, requiring the granting of administration to relations of decedent on their applying therefor, and authorizing the appointment of any other person where no application by relations is made within a specified time, the appointment of a stranger, made within the time relations might apply for their appointment, is not void, but voidable only.

2. Executors and Administrators—Removal of Administrators—
Validity of Prior Acts—Statutes.—Under Ky. St. 1903, section 3848, providing that lawful acts by an administrator

McFarland's Admr. v. L. & N. R. R. Co.

subsequently removed shall remain valid and independent thereof, the lawful acts of an administrator holding under a voidable appointment are valid notwithstanding his subsequent removal.

3. Executors and Administrators—Claims in Favor of Estate—Compromise—Validity.—Under Ky. St. 1903, section 3882, authorizing a personal representative to compromise any claim for damages for the death of decedent, an administrator acting under a voidable appointment may compromise a claim for decedent's death.

4. Pleading—Construction.—The language of a pleading must be construed most strictly against the pleader.

5. Notice—Knowledge—Nature.—The fact that a person could learn of a thing is not equivalent to knowledge, especially where the facts alleged do not show that there was anything to put him upon notice.

6. Executors and Administrators—Acts of Administrators—Settlement of Claims—Validity.—A woman who lived with decedent as his wife qualified as his administratrix, and settled with a railway company for the death of decedent. There were no circumstances connected with her appointment that would lead one to believe that decedent had a lawful wife and child in a distant state. Held, that the settlement was binding on one appointed administrator after the removal of the woman from her position as administratrix.

JOHNSON & SNYDER, R. S. ROSE and T. Z. MORROW for appellant

1. It is alleged and by the demurrer admitted that the appellee had notice that there was a surviving wife and that the woman Isabella was was not such surviving wife before the settlement with said Isabella.

2. The law has never to our knowledge put a premium on concubinage nor has any modern court at least upheld such a construction of any law as would make the law itself monstrous. And it is plain that both of these deplorable results would inevitably follow if the judgment in this case is to be upheld. That a law that makes possible the interposition of any one, and especially one sustaining forbidden relations to the deceased, the denial of the claims of those entitled under the Statutes and by every dictate of the moral preceptions when such ones are absolutely without fault, is or would be odious; That in the language of this court in many cases "It shocks the conscience

and is flagrantly against public policy." (Ky. Stats, sections 6, 3896, 3897.)

BENJAMIN D. WARFIELD for appellee.

CHARLES H. MOORMAN of counsel.

1. If appellee had in fact known, at the time Isabella McFarland was appointed administratrix, that she was never lawfully married to McFarland—that he had another wife living and undivorced at the time he contracted marriage with Isabella Abbott—another question would be presented perhaps. But appellee had no knowledge on the subject. And, we insist that it was not bound to suspect that there was anything irregular about McFarland's marriage to Isabella Abbott, and to institute inquiry to learn whether or not his marriage to her was bigamous. It would be wholly impracticable to conduct such an inquiry. The law does not exact unreasonable and impracticable conditions.

2. We can find no opinion of this court that is directly in point. The facts in Underwood v. Underwood's Admr, 111 Ky., 966; Buckner's Admr. v. L. & N. R. Co., 27 Ky. Law Rep., 1009, and Young's Admr. v. L. & N. R. Co., 28 Ky. Law Rep., 451, are unlike this case, as is obvious from reading those opinions. The Buckner case is more nearly analogous to this one than are the others mentioned, and, if an authority at all, is an authority for us. The other side seem to concede that none of the cases mentioned is in point, as none of them is cited, nor is any other authority cited except the three sections of the Kentucky Statutes referred to.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Affirming.

This is an action by W. W. McFarland, as administrator of Gillis McFarland, deceased, for damages for personal injuries resulting in the death of the latter.

Among the other defenses the appellee, Louisville & Nashville Railroad Company, pleaded that at the time of his death the decedent, Gillis McFarland, was a resident of Whitley county, Ky., and died domiciled

therein; that thereafter, on the 15th day of August, 1904, the Whitley county court, at a term that day duly held, appointed Isabella McFarland administratrix of the estate of Gillis McFarland, deceased; that she accepted the appointment, and gave bond as required by law, and thereupon took the oath as required by law in such cases, and was granted by the court letters of administration on the estate of said Gillis McFarland; that thereafter, while she was acting as such administratrix, she instituted an action in the Whitley circuit court against the defendant for damages on account of the death of said Gillis McFarland; that while said action was still pending in that court, and she was still acting as administratrix, the cause of action was duly adjusted and compromised and settled between her and the defendant by a contract, by the terms of which she agreed to accept from the defendant the sum of $200 in full compromise and satisfaction of the cause of action so set out in the petition; that said sum was then and there paid to her by the defendant, and was accepted by her as such administratrix in full settlement, and satisfaction of her cause of action, and of any and all claim which the estate of Gillis McFarland had against the defendant for damages on account of his death; that the defendant pleaded and relied upon said settlement, compromise, and payment as a bar to this action. In reply to the above paragraph of the defendant's answer, the plaintiff admitted the residence of decedent, the qualification of Isabella McFarland as administratrix, and the settlement with said Isabella as alleged in the defendant's answer; but plaintiff alleged that the county court order appointing said Isabella administratrix, as well as the order of that court qualifying her as such administratrix, was absolutely null and

void, because said Isabella was not at the time of her appointment and qualification as such administratrix of said Gillis McFarland, or at the time of the settlement of the suit brought by her as administratrix of the estate of Gillis McFarland against the defendant, or at the time of the acceptance of the $200, the sum agreed on in said settlement, or at any other time, the surviving wife of said Gillis McFarland, nor was she in any wise related to him, nor was she next after such surviving wife, or in any wise or at all entitled to a distribution of his estate or any part of it. Plaintiff further alleged that the appointment and qualification of said Isabella McFarland as administratrix of said Gillis McFarland occurred within less than 60 days, and before the second county court in Whitley county, after the death of Gillis McGarland; that said county court was without jurisdiction to make said appointment, and the appointment was, for that reason, null and void; and being, for the reason stated, and also for the reason that said appointment was in fraud of the rights of Nola McFarland and the infant child of the decedent, Hannah McFarland, null and void, it conferred no rights on said Isabella to sue on, compromise, or settle any claim for or against the estate of the decedent with the defendant or any one else, or to administer any estate left by him in Whitley county or elsewhere. Plaintiff further pleaded that on the 17th day of September, 1897, at South McAlester, Ind. T., he, the said Gillis McFarland, was duly married to one Nola Morten, who thereupon became Nola McFarland, his lawful wife, and from whom he was never divorced, and that she, said Nola McFarland, was living at the time of the death of said Gillis McFarland, her husband; that, at the time of the death of Gillis McFarland, Nola McFar-

land was at Huntington, Ark., and had an infant child, Hannah McFarland,, the issue of her marriage with Gillis McFarland, and as soon as she learned of the death of her husband, which was not until after the appointment of Isabella McFarland, and after the compromise pleaded by defendant, she came to Kentucky, and on the 12th day of July, 1905, appeared in the Whitley county court and moved said court to remove Isabella McFarland as administratrix, and for cause shown said Isabella was then removed, and said Nola then in writing waived her. right to be appointed administratrix of her husband and requested that plaintiff, who is- the father of the decedent, be appointed in her stead, which was done. By another paragraph in the reply plaintiff pleaded that all the foregoing facts were known to the defendant at the time of the settlement and payment of the money to Isabella McFarland, or that such knowledge was easily accessible to it. By rejoinder the defendant put in issue all the affirmative allegations of the reply, and further pleaded that many months ,before his death Gillis McFarland was united in marriage in Campbell county, Tenn., to Isabella Abbott; that within a few days thereafter they came to Whitley county, Ky., and took up their residence therein, and from that time until his death continued to live together as husband and wife, and were so recognized by their relatives and neighbors; that, after his death, the said Isabella appeared in the Whitley county court, and moved the court that she be appointed as administratrix of the estate of said Gillis McFarland, deceased, and she was thereupon appointed by said court as such administratrix; that she accepted the appointment and duly qualified as such, and while the appointment was in full force she, as such administratrix,

made with the defendant, in good faith, the compromise and settlement which is pleaded in the answer. Thereupon the plaintiff filed a demurrer to the above paragraph of the rejoinder. After consideration the court held that the demurrer should be carried back to paragraphs 2, 3, 4, and 5 of the reply, which attacked the validity of the compromise made by defendant with Isabella McFarland, the former administratrix, and also attempted to plead knowledge on the part of defendant of the facts connected with the appointment of Isabella McFarland. Appellant declining to plead further, his petition was dismissed, and he is here on appeal.

It is the contention of appellant that the damages that may be recovered for the death of a person are for the benefit of his widow and child; that this right to such damages can not be defeated by a settlement with an administratrix not related to the decedent and who had no right to qualify; that the power of the court under sections 3896, 3897, Ky. Stats., 1903, to appoint a creditor or other person as administrator, applies only where the surviving husband or wife, or such others as are next entitled to distribution, fail to apply for administration at the second county court after the death of intestate; that in this case the county court did not wait for the second term of the court, but appointed Isabella McFarland administratrix at a time when she had no power to qualify and he had no power to make the appointment, and the appointment was consequently void, and all her acts done in pursuance of said appointment were also void.

This question has been before this court, and it has been decided that an appointment made under such circumstances is not void, but only voidable. In the case of Spayd's Admr. v. Brown, etc., 102 S. W. 823,

31 Ky. Law Rep. 438, this court said: "But, whilst the appointment of a creditor or other person before the expiration of the second county court day, after the death of the intestate is voidable, if any relative qualified to act applies at or before the second county court day, we do not conceive that the appointment of the creditor or other person would be absolutely void:" The same doctrine is recognized in Buckner's Admrs. v. Louisville & Nashville R. R. Co., 120 Ky. 600, 27 Ky. Law Rep. 1009, 87 S. W. 777; also in the case of Lavinia Estill Cunningham v. Estelle Clay's Admr., 112 S. W. 852, opinion rendered October 13, 1908. If the appointment of Isabella McFarland as administratrix of Gillis McFarland was not void, but only voidable, what, then, was the effect of her acts done while acting as administratrix? In 18 Cyc. p. 141, the doctrine is thus stated: "As a general rule, all acts by an executor or administrator done in the due and legal course of administration are valid and binding, even though the appointment is voidable and the letters issued by the court are afterward revoked or the incumbent discharged from his trust, and he will be protected in all lawful and bona fide acts done before revocation of his letters." In People v. Cole, 84 Ill. 327, it was held that the receipt of an administrator regularly appointed will bar any subsequent action for the recovery of the debt, notwithstanding irregularities may have intervened in the appointment of the administrator, which would be fatal upon appeal or error. Chancellor Kent (2 Com. 413) says: "It is the received doctrine that all sales made in good faith, and all lawful acts done, either by administrators before notice of a will or by executors or administrators, who may be removed or superseded, or become incapable, shall remain valid, and not be

impeached on any will appearing, or by any subsequent revocation." As if declaratory of the doctrine announced by Chancellor Kent, our Legislature enacted section 3818 of the Kentucky Statutes of 1903, which is as follows: "Where an order of administration is set aside or letters of administration revoked, or where any executor or administrator shall be removed, or the will under which he acted shall be declared invalid, all previous sales of personal estate, made lawfully by the executor or administrator, shall remain valid and effectual. But pending an action or procedure to set aside or reject the will there shall be no power to sell the land of the deceased, except under a judgment of court." Thus it will be seen that, not only by the weight of authority in other jurisdictions, but by express statute, it is provided that all lawful acts of an administrator, even though he may subsequently be removed, shall remain valid.

The only question remaining, then, is: Was the act of the former administratrix in making the compromise settlement one which she could lawfully perform while acting as such administratrix? Of this there can be no doubt, because section 3882 of the Kentucky Statutes expressly provides that a personal representative may compromise and settle any claim for damages growing out of injury to or the death of the decedent. As the appointment of Isabella McFarland as administratrix of Gillis McFarland was not void, but only voidable, and as the compromise which she effected with appellee was within her power as such administratrix, we therefore conclude that it was valid and binding on the estate of Gillis McFarland, even though Isabella McFarland was subsequently removed and appellant appointed in her stead. It

therefore follows that the settlement made is a complete bar to any further recovery by appellant.

But counsel for appellant insist that the demurrer should not have been sustained to the reply, because of the plea that appellee had knowledge, or ought to have known, of the facts connected with the appointment of Isabella McFarland. It is a fundamental rule of pleading, however, that the language of a pleading must be construed most strictly against the pleader. Appellant pleads that the facts were well known to the defendant at the time of the settlement and payment of the money, "or that said knowledge was easily accessible to it." The fact that a person could learn of a thing is not equivalent to knowledge, especially where the facts alleged do not show that there was anything to put him upon notice. So far as the record shows, the woman who was actually living with the decedent as his wife had qualified as his administratrix. There was no circumstance connected with her appointment that would lead appellee to believe that the decedent had another wife and child in a distant State. Of course, if appellant had pleaded and could have shown fraud and collusion on the part of appellee and the former administratrix, this would have been sufficient to prevent the compromise from being pleaded as a bar to recovery by appellant. McLemore, etc., v. Sebree Coal & Mining Co., etc., 121 Ky. 53, 88 S. W. 1062, 28 Ky. Law Rep. 25.

For the reasons given, the judgment is affirmed.