SALYER v. CONSOLIDATION COAL CO.

(Circuit Court of Appeals, Sixth Circuit. January 8, 1918.)

No. 3076.

1. DEATH ⬤═37—LIMITATION OF ACTIONS—RUNNING OF STATUTE.
    The limitation of one year prescribed by Ky. St. § 6, for injuries to the person, applies to an action for wrongful death.

2. COURTS ⬤═366(13)—PRECEDENTS—FEDERAL COURTS.
    Decisions of the state court, construing local statutes of limitation and with respect to administration, are binding on the federal court.

3. COURTS ⬤═347—AMENDMENTS—CONSTRUCTION.
    Where a cause begun in state court is removed to the federal court, the state decisions as to local statutes are binding; but the question as to amendments of the pleadings pursuant to Rev. St. § 954 (Comp. St. 1916, § 1591), relating to the curing of defects in forms, is one solely for the decision of the federal tribunal.

4. LIMITATION OF ACTIONS ⬤═121(1)—APPOINTMENT OF ADMINISTRATRIX—VOID APPOINTMENT.
    Ky. St. § 3845, declares that a married woman shall not be appointed executor or administrator, and that the marriage of a woman acting as such shall avoid the trust, and her husband shall not act as such in the right of the wife. A married woman, the sole beneficiary of the estate of her deceased son, was appointed administratrix by the Kentucky county court, and instituted in the Kentucky state court an action for his wrongful death, which by defendant was removed to the federal court. More than a year after the death, the married woman went before the county court and resigned, and a successor was appointed. Thereafter, on petition of the married woman for substitution of her successor as plaintiff, the action was dismissed on the theory that the original appointment was void, and so no action was brought within the one-year period allowed by Ky. St. § 6, for the institution of such action. Held, that as the attack on the appointment must be deemed in a sense collateral, and as the probate court might have found that the married woman was a feme sole, her appointment must, in view of Ky. St. § 3848, declaring that, where an order of administration is set aside or letters of administration revoked, all previous sales of personal estate, made lawfully by the administrator, and with good faith on the part of the purchaser, shall be valid, be deemed voidable only, so that the institution of the suit in her name was sufficient to toll the statute of limitations; this conclusion being upheld by Kentucky decisions construing other statutes applicable to administration.

5. PARTIES ⬤═59(3)—AMENDMENTS—PARTIES PLAINTIFF.
    In such case, as the action at all events was for the benefit of the married woman only, an amendment should have been allowed whereby her duly appointed successor could be substituted as plaintiff.

In Error to the District Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

Action by Carrie Salyer, administratrix of Raleigh Reed, against the Consolidation Coal Company, begun in state court and removed to the federal court. There was a judgment of dismissal, and the succeeding administrator brings error, although the writ appears to have been sued out in the name of the original plaintiff. Reversed and remanded, with directions.

⬤═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

E. J. Picklesimer and Roscoe Vanover, both of Pikeville, Ky., for plaintiff in error.

Edward C. O'Rear, of Frankfort, Ky. (Allie W. Young, of Morehead, Ky., of counsel), for defendant in error.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

DENISON, Circuit Judge. Reed was killed July 3, 1915, as the result of an injury he received while working in the coal mine of the Consolidation Company. He was without widow, child, or father, and his mother was appointed administratrix by the appropriate court of probate (the county court) on August 3, 1915. As administratrix, she brought, in a state court, this action to recover the damages for his death, alleging negligence by the company. The defendant removed the case to the court below. Plaintiff was a married woman when appointed. Section 3845 of the Kentucky Statutes provides:

"A married woman shall not be appointed executor or administrator. The marriage of a woman acting as such shall avoid the trust, and her husband shall not act as such in right of the wife."

After a demurrer had been interposed and overruled, the defendant, on December 8, 1916, answered and alleged that, because plaintiff had been and was a married woman, her appointment as administratrix was void, and that she had no capacity to bring or maintain this suit. Thereupon she went before the county court and resigned, and that court, on January 11, 1917, appointed E. J. Picklesimer as administrator. In April, 1917, she filed a petition in the court below showing that she had always been the sole beneficiary under the estate of her son, and that Picklesimer had succeeded her as administrator as above, and praying that he be permitted to prosecute this suit as such administrator. At the same time, Picklesimer filed an intervening petition alleging the same facts and asking that he be permitted to prosecute and carry on this suit in his name as administrator and for the benefit of the mother, Mrs. Salyer, sole beneficiary of the estate. Upon these petitions, the court ruled that the appointment of the mother as administratrix was void, that she had no right to begin the suit, that there was nothing to amend, and that the statute of limitations prevented any action equivalent to the beginning of a new suit. Accordingly the suit was finally dismissed, and this proceeding in error was brought.

[1-3] The only applicable statute of limitations is section 2516 of the Kentucky Statutes, which provides that actions for injuries to the person shall be brought within one year after the cause of action accrues. The action for death, given by section 6 of the Kentucky Statutes, might not necessarily be thought an action "for injury to the person"; but the one-year limitation has been held to apply thereto. Carden v. Railroad, 101 Ky. 113, 39 S. W. 1027. The court below felt bound to, and did, follow the decision of the Kentucky Court of Appeals in Fentzka's Adm'r v. Warwick Co., 162 Ky. 580, 172 S. W. 1060. In that case it appeared that, within three months after the death, the relative first entitled to administration had renounced and asked that the estate be "referred to" the public administrator; and this was done. The public administrator, thus prematurely appointed, brought suit on

account of his decedent's death. Later, and more than one year after the death, the premature character of this appointment was observed, and a second appointment or order of reference to the same public administrator was made. He thereupon asked leave to be substituted, in his special capacity under his second appointment, in the pending suit in which he had declared under his first appointment. The court refused this permission, in an opinion which concludes that the first appointment was without lawful authority and was void, and therefrom seems to draw two inferences: First, that there could be no amendment because the first action was a nullity and there was nothing to amend; and, second, that since no action by the rightful administrator had been commenced within the year, all right of action was barred. Clearly, in so far as the decision in the Fentzka Case adjudged the construction and effect of the statute forbidding a married woman to be an administrator and of the statute of limitations, it is binding upon the federal courts; and it is equally clear that, in so far as the case determines the question of the right to amend the pleadings in a pending action, it does not affect the federal courts, which must construe and apply for themselves the federal statute of amendments. R. S. § 954 (U. S. Comp. St. § 1591). Truckee Co. v. Benner (C. C. A. 9) 211 Fed. 79, 81, 127 C. C. A. 503. See also cases cited at page 3184, note 17, U. S. Comp. St. of 1916.

[4] If we assume that the Fentzka Case should be considered as interpreting the Kentucky statute of limitations to the effect that a suit commenced by an administrator whose appointment is void is no suit at all, and that, in order to prevent the bar of the statute, a suit must be commenced within the year by an administrator whose appointment is not void, and if, therefore, we assume that the federal courts are bound by this decision as the law of the state on that point, the question remains, "Was the appointment of the plaintiff as administrator void, or did it give her at least color of title to the office?" This question has not been expressly decided in Kentucky, but a review of the decisions in the state indicates to us quite clearly what must be considered the Kentucky rule. In such an examination, we must bear in mind that the word "void" is often loosely used, and perhaps no court is exempt from just criticism in this particular; and it follows that, in cases where the precise distinction between "void" and "voidable" is not controlling, the use of the broader word does not end inquiry as to the force of the distinction.

The statute says that a married woman shall not be appointed executor; it does not say that the appointment, if made, shall be void. This inference is thought to be supported by reference to the other part of the same section, which declares that the marriage of a woman administrator "shall avoid the trust." The latter clause is construed, so far as we find, in only two cases: Young v. Duhme, 4 Metc. (Ky.) 239, and Tribble's Ex'rs v. Broadus, 23 S. W. 349. In the first of these cases, it appeared that administration had been granted to the widow of the deceased, that after three years she had married, and that she had completed the settlement of the estate according to accounts approved by the appointing court. Whether this was before or after her marriage does not appear. Four years after her marriage, a creditor of the de-

ceased brought suit against the administratrix for the purpose of establishing a disputed demand. The court held that this suit could not be maintained, and said that by defendant's marriage she had ceased to be so the personal representative of the deceased that suit against her could be effective to adjudicate the demand. This is plainly far short of holding that she had become an entire stranger to the estate and did not represent it to any extent or for any purpose. In the second case, after the marriage of the executrix, an action was brought by the heirs to determine her right to continue as executrix. The only question involved was whether her powers under the will were those of an executrix or those of a trustee. The broader question of whether her office became by her marriage utterly vacant was not considered.[1] This question might be presented in many aspects; for example, if she continued with the consent of everybody to act as executor and misappropriated the assets, would the sureties on her official bond escape liability because her act had been that of a stranger to the estate? It is enough to say that the Kentucky Court of Appeals has never announced any such extreme rule.

The appointment of administrators in the usual case is governed by sections 3896 and 3897, which, so far as now pertinent, are given in the margin.[2] It is the plain effect of these sections that, until the end of the second county court, the next of kin who desire administration are absolutely entitled thereto, and in their order as distributees, and that until the expiration of this time, the court has no right to appoint any one else. It is not apparent why the lack of power to appoint a creditor or a stranger, until after the second county court, is not as complete as the lack of power to refer to a public administrator before the end of the three months, or why the time prohibition against such appointment of a creditor is not as imperative as the personal prohibition against the appointment of a married woman. However, it is clearly established that an appointment which, under these sections is forbidden because premature, is not void but is only erroneous. The question first arose in Buckner's Adm'rs v. Railroad, 120 Ky. 600, 87 S. W. 777. The widow, who claimed to be next of kin, was appointed administratrix. It afterwards developed that there was a surviving child who demanded administration, and was eventually adjudged entitled. In the meantime, the widow had brought suit against the railroad and the trial court had dismissed the case because her appointment, as administratrix, was void. The Court of Appeals reversed this action, held that the appointment was only voidable, and directed that the case

[1] It would seem that a proceeding to remove should be brought under section 3846, just as much as upon the happening of the disabilities there mentioned.

[2] Sec. 3896.—*Precedence in Right of Administration.* The court having jurisdiction shall grant administration to the relations of the deceased who apply for the same, preferring the surviving husband or wife, and then such others as are next entitled to distribution, or one or more of them whom the court shall judge will best manage the estate.

Sec. 3897.—*Court may Appoint Other Person.* * * * If no such person shall apply for administration at the second county court from the death of an intestate the court may grant administration to a creditor, or to any other person, in the discretion of the court.

should proceed in the name of the new administrator. The opinion does not deny that the probate court had no right to appoint the widow until after the second county court if there was in fact a child entitled to qualify, but goes upon the theory that the existence of the child was an issuable fact which the probate court had the right to determine, and that, since that court had appointed the widow, there was an implied finding that there was no child. Just as much in the case at bar, was there an implied finding that the mother was not a married woman; and this was a finding which the court had the power to make. If it was an erroneous finding, the statutes provided a remedy.

In Young's Adm'r v. Railroad, 121 Ky. 483, 89 S. W. 475, an administrator had been appointed without waiting the statutory time for application by those first entitled to appointment; but, when it later appeared that in truth there were no persons who had the prior right, it was decided that the appointment was not only not void but was valid. This doctrine has been reaffirmed in Spayed's Adm'r v. Brown, 102 S. W. 823; Cunningham v. Clay's Adm'r, 132 Ky. 129, 116 S. W. 299; McFarland's Adm'r v. Railroad, 130 Ky. 172, 113 S. W. 82; Phillips v. Hundley, 135 Ky. 269, 275, 122 S. W. 147; and Jackson's Adm'r v. Asher Co., 153 Ky. 547, 156 S. W. 136. And see cases from many states, cited in note 6, p. 78, 11 R. C. L.

Since the doctrine of these cases, which apparently would make Mrs. Salyer's appointment operative at least until it was in some manner attacked, is said to be opposed to the rule stated in the Fentzka Case, the history and limitations of the latter rule should be ascertained. The supporting decisions rest upon Underwood v. Underwood's Adm'r, 111 Ky. 966, 65 S. W. 130, in which the court considers section 3905,[3] and seems to hold that a reference to the public administrator before the three months have expired, and before the end of the time within which creditors have a right to demand administration, is utterly void. The attack upon the appointment was direct, and there was no necessity for holding the appointment void rather than voidable; but the dissenting opinion of Judge Hobson makes it clear that the majority intended to decide just that, and the decision must be accepted as of that scope. In Paslick v. Shay, 148 Ky. 642, 147 S. W. 369, the same statute was involved, but with reference to the public guardian. It was contended that the order was void because it did not recite (nor did it appear) that there was no testamentary guardian and that no one else than the public administrator would qualify as guardian. In a unanimous opinion, it was held that the court of probate was, with reference to the appointment of administrators and guardians, a court of general juris-

---

[3] Sec. 3905.—*When Estate of Decedent to be Placed in Hands of—Appointment as Guardian.* The several county courts of this commonwealth, in which there is a public administrator and guardian, shall confide to him the administration of the estate of deceased persons in all cases in which, by law, the jurisdiction to grant letters testamentary or administration applies, if it shall appear, after the expiration of three months from the death of the decedent, that no one will qualify as executor or apply for administration; and shall also confide to said public administrator and guardian the care and control of the persons and estates of all minors, in case it shall appear that such minor hath no testamentary guardian, and no one will apply for or serve as such by the appointment of the court.

diction, and that if an attack is made upon an order of appointment, it must be affirmatively shown that the jurisdiction did not exist, and that the appointment in question, in spite of the fact that the preliminary conditions were not shown to exist, was not void, but was valid until attacked; and a sale of the infant's property that depended upon service of process upon the public guardian so appointed was affirmed. This decision does not mention the opinion in the Underwood Case, but it seems to be an adoption of the principles of Judge Hobson's dissenting opinion.

Each one of the several cases above cited, which holds the appointment under section 3897 only voidable, discussed and distinguished the Underwood Case. The efforts to distinguish seem to come, in the end, to the fact that the Underwood Case is under section 3905 and the others are under section 3897. It is enough to say that the Kentucky Court of Appeals has consistently refused to extend the rule of the Underwood Case to any other facts than the precise ones there involved. Certainly, the distinction between the Underwood Case and the Paslick Case (also under section 3905), and seemingly the only possible distinction from the cases under section 3897, lies in the difference between defects in power appearing on the face of the record and those not so appearing. Nothing can precipitate the coming of a time which the statute has fixed by a calendar measure; but it always may be that the nonexistence of every prior claimant was made to appear. Upon this criterion, and because nothing appeared of record showing her disqualification, the appointment of Mrs. Salyer would not be void.

Our conclusions are—and we need go no further—that under the Kentucky statutes, Mrs. Salyer's appointment ought to be deemed of enough force and effect so that an action begun by her saved the case from the statute of limitations, and that we find no settled rule in Kentucky constraining us to the contrary result.

Another Kentucky statute confirms this conclusion, although this other statute has not been thought applicable—or, at least, has not received attention—in cases under section 3905. It is section 3848, given in the margin.[4] It is discussed in McFarland's Adm'r v. Railroad, supra, and clearly makes valid and effectual the beginning of this suit by Mrs. Salyer, if her appointment can be considered as not utterly void.

[5] When we reach the question of the right to amend by substituting Mrs. Salyer's successor in her place, we think this case is within the principle of Mo., Kan. & Tex. Ry. v. Wulf, 226 U. S. 570, 33 Sup. Ct. 135, 57 L. Ed. 355, Ann. Cas. 1914B, 134. In reaching this conclusion, we pass by, without deciding its effect, the fact that Mrs.

4 Sec. 3848.—*Acts Whilst Exercising Trust Valid—Sale of Land Pending Probate of Will.* Where an order of administration is set aside or letters of administration revoked, or where any executor or administrator shall be removed, or the will under which he acted shall be declared invalid, all previous sales of personal estate, made lawfully by the executor or administrator, and with good faith on the part of the purchaser, and all other lawful acts done by such executor or administrator shall remain valid and effectual. But, pending an action or procedure to set aside or reject the will, there shall be no power to sell the land of the deceased, except under a judgment of court.

Salyer was the beneficiary of the action, and that if she had declared as beneficiary, instead of as administratrix, the situation would have been more nearly identical with the Wulf Case. In the latter case, it was considered that the beneficiary, claiming in her own right, had commenced an action under the federal Employers' Liability Act. It had been decided that the right of action did not vest in the beneficiary, but in the personal representative. After the statute of limitations had run, the plaintiff beneficiary procured appointment as personal representative, and thereupon was permitted to amend or to substitute plaintiffs—whichever it may be called—so as to transform the action into one prosecuted by the representative. We see no material distinction between that case and this in that there was here a difference in personal identity between the original plaintiff and the one admitted in substitution. It is the unquestioned practice to permit revivor in the name of a successor in office. We must interpret the Wulf Case as holding that the cause of action was that which arose under the statute, and that where plainly a suit has been commenced upon that cause of action, it is within the statute of amendments to substitute the right party plaintiff in the place of the wrong one.

Attention is drawn to the prosecution of this writ of error in the name of Mrs. Salyer, the administratrix who is out of office. We think it sufficiently appeared that the writ is in fact prosecuted by the successor administrator.

The judgment must be reversed, and the case remanded for further proceedings in accordance with this opinion.